# U.S. COURT OF APPEALS

## FOR THE FIFTH CURCUIT

## DON A. HAMPTON AND CHERYL A. HAMPTON

Petitioners'



## Appeals Docket No. 25-50499

# EMERGENCY MOTION TO VACATE SEPTEMBER 2, 2025

# ORDER AND FOR EXPEDITED CONSIDERATION OF PETITION

# FOR WRIT OF MANDAMUS

# INTRODUCTION

The Petitioners respectfully submit this Emergency Motion to vacate the Sept 2, 2025 Order and for Expeditated Consideration of their Petition for Writ of Mandamus. This motion seeks immediate relief from the Sept 2, 2025 Order issued by Magistrate Judge Richard B. Farrer, which must be vacated due to jurisdictional overreach, procedural violations, and constitutional infringements. This new Sept 2, 2025 Order happened because Jason K. Pulliam **FAILED** to rule on our NOTICE OF NON-CONSENT TO MAGISTRATE JUDGE'S JURISDICTION AND MOTION TO VACATE AN UNLAWFUL ORDER that was filed on July 11, 2025. (**See Exhibit # 3, 3 Pages**).

1

The Petitioners have **not consented** to magistrate jurisdiction, and the order improperly denies dispositive motions and compels refiling of a Complaint that is already compliant with the Federal Rules of Civil Procedure.

## LEGAL BASIS FOR EMERGENCY RELIEF

Under **28 U.S.C. § 1651(a)**, this Court has authority to issue writs of mandamus to correct abuses of discretion and enforce compliance with statutory and constitutional mandates. The Petitioners seek expedited consideration due to ongoing harm caused by unlawful judicial and administrative actions, including improper IRS enforcement based on fraudulent third-party reporting.

# TOP 12 REASONS WHY THE SEPT 2, 2025 ORDER MUST BE VACATED

1. **The original Complaint complies with FRCP Rule 8(a)** and was properly filed with labeled exhibits. There is no page limit under this rule.
2. **Petitioners filed a formal Notice of Non-Consent** to magistrate jurisdiction under 28 U.S.C. § 636(c).
3. **Magistrate Judge Farrer lacks authority** to deny, strike, or moot dispositive motions such as entries of default.
4. **Misuse of Local Rule CV-72** to justify dispositive rulings without Article III oversight.
5. **Mischaracterization of the complaint** as a single 700-page document, ignoring its proper formatting and labeling.
6. **DOJ and IRS defaulted** by failing to respond within 120 days of service, violating FRCP Rule 12(a)(2).
7. **Groupon, Inc. was properly re-served on July 1, 2025** but failed to respond within the 21-day deadline, constituting default under FRCP Rule 55(a).
8. **Improper sealing of exhibits** without written order, violating public access rights and obstructing evidence presentation.
9. **Misuse of Rule 37 meet-and-confer requirement** for motions that are not discovery-related.
10. **IRS violations of APA § 706 and Fifth Amendment due process** through refusal to process amended returns, withdraw liens, and return levied funds.

11. **Judicial bias and favoritism** shown through informal grace periods for defendants and threats of dismissal against Petitioners.
12. **Failure to address core allegations** of fraudulent 1099-K reporting by Groupon, Inc., which underpins the entire case.

# SUPPORTING DOCUMENTS AND EVIDENCE

The (first five items listed below) were submitted to the Appeals Court already:

- WRIT OF MANDAMUS
- ADDENDUM (PART ONE) FOR WRIT OF MANDAMUS
- ADDENDUM (PART TWO) FOR WRIT OF MANDAMUS
- ADDENDUM (PART THREE) FOR WRIT OF MANDAMUS
- Supporting Documents (# 1 through # 5): (TAX RETURNS, FOIA REQUEST, TAX LIENS, REMOVAL OF SRP BALANCE, RETURNING LEVIED FUNDS)
- **Non-Consent to proceed before a U.S. Magistrate Judge (Exhibit # 1)**
- **September 2, 2025 Order (See Exhibit # 2, 5 pages).**

# PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully request that this Court:

1. **Expedite** consideration for our Petition for Writ of Mandamus;
2. **Vacate Order** on September 2, 2025 Order issued by Magistrate Judge Farrer;
3. **Reassign** dispositive matters to the Article III Judge, Hon. Jason K. Pulliam;
4. **Grant** any further relief deemed just and proper.

Respectfully submitted,

_____9/8/25
Don A. Hampton, M.A., B.S., L.M.T.


_____9/8/25
Cheryl A. Hampton, M.B.A., B.S., A.A.

3

## CERTIFICATE OF SERVICE

I hereby certify that on 9/8/25, I served a copy of the **EMERGENCY MOTION**

**TO VACATE SEPTEMBER 2, 2025 ORDER AND FOR EXPEDITED**

**CONSIDERATION OF PETITION FOR WRIT OF MANDAMUS**

by U.S. First Class Mail:

Michael W. May

Trial Attorney, Tax Division

U.S. Department of Justice

1700 Pacific Ave

Ste 3700

Dallas, TX 75201


Respectfully submitted,

_____ 9/8/25

Don A. Hampton, M.A., B.S., L.M.T.

_____ 9/8/25

Cheryl A. Hampton, M.B.A., B.S., A.A.

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

DON A. HAMPTON AND CHERYL A. HAMPTON,
Plaintiffs,

v.

U.S. DEPARTMENT OF JUSTICE,
COMMISSIONER OF THE INTERNAL REVENUE SERVICE,
GROUPON, INC.,
Defendants.

**Civil Case No. 5:25-CV-00341-JKP**

# PLAINTIFFS MOTION TO VACATE MAGISTRATE JUDGE FARRER'S SEPTEMBER 2, 2025 ORDER

## INTRODUCTION

NOW COMES, the Plaintiffs Don A. Hampton and Cheryl A. Hampton, appearing pro se, and respectfully move this Court to vacate the Order issued by Magistrate Judge Richard B. Farrer on September 2, 2025. The Plaintiffs submit that the Order should be vacated because: (1) Plaintiffs did not consent to magistrate jurisdiction under 28 U.S.C. § 636(c); (2) the rulings involve dispositive motions that require review by the District Judge; and (3) Local Rule CV-7(g) was misapplied to motions for default judgment.

## I. Lack of Consent to Magistrate Jurisdiction

On April 14, 2025, the Plaintiffs filed their notice of non-consent to proceed before a U.S. Magistrate Judge. Under 28 U.S.C. § 636(b)(1), magistrate judges may issue binding orders only on nondispositive matters unless all parties explicitly consent to jurisdiction. Dispositive matters—including motions for default judgment and motions that effectively dismiss claims—require a report and recommendation to the District Judge for *de novo* review.

Because the Plaintiffs withheld consent, the September 2, 2025 Order exceeded the scope of a magistrate judge's authority with respect to dispositive rulings.

## II. Improper Denial of Dispositive Motions

The Plaintiffs filed motions for default judgment and for entry of default under Federal Rule of Civil Procedure 55(a) against Defendants U.S. Department of Justice, Commissioner of the Internal Revenue Service, and Groupon, Inc.

Groupon, Inc. filed its notice of appearance on July 31, 2025—seven days after they defaulted on July 23, 2025. Likewise, DOJ/IRS delayed well beyond the standard response period of 60 days that expired on June 3, 2025. The Plaintiffs respectfully contend that default judgment motions were procedurally proper.

As dispositive motions, they could not be conclusively denied by the Magistrate Judge absent the Plaintiffs' consent. Instead, the proper procedure was for the Magistrate Judge to issue a report and recommendation to the District Judge.

## III. Misapplication of Local Rule CV-7(g)

The Sept 2, 2025 Order cited Local Rule CV-7(g) as grounds for denying the Plaintiffs' motions. Respectfully, the Plaintiffs submit that this reliance was misplaced.

Rule CV-7(g) applies only to nondispositive motions and presumes that opposing counsel has already appeared in the case. At the time the Plaintiffs filed for default:

- DOJ/IRS had not responded to the Complaint for more than 120 days.
- Groupon, Inc. had missed its July 22, 2025 deadline, filing its appearance only on July 31, 2025.

Because these Defendants were in default, the Plaintiffs were not required to confer with opposing counsel. The application of CV-7(g) under these circumstances was inconsistent with both the text and the purpose of the rule.

## IV. Supporting Authority

Several cases confirm that dispositive rulings may not be issued by a Magistrate Judge absent explicit consent:

- **Gomez v. United States, 490 U.S. 858 (1989)** – Magistrates cannot issue dispositive rulings without consent.
- **McCarthy v. Bronson, 500 U.S. 136 (1991)** – Consent is required for magistrate jurisdiction over dispositive matters.
- **Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)** – Magistrates may not dismiss complaints without District Judge approval.
- **Hajek v. Burlington N. R.R. Co., 186 F.3d 1105 (8th Cir. 1999)** – Magistrate rulings on dispositive issues without consent are invalid.
- **Wang v. Masaitis, 416 F.3d 992 (9th Cir. 2005)** – Without explicit consent or valid referral, magistrates lack authority to issue binding rulings.
- **Peretz v. United States, 501 U.S. 923 (1991)** – Consent is a prerequisite for magistrate adjudication of dispositive issues.

## V. Objection Regarding Warning Language

The Plaintiffs respectfully express concern regarding the language in the Court's September 2, 2025 Order, which suggests that future filings may result in sanctions. **The Plaintiffs motions have been filed in good faith, supported by factual evidence with exhibits, statutory authority, and relevant case law**. These filings are intended to clarify procedural matters and advance the litigation, not to burden the Court.

The reference to **"clogging the judicial machinery"** with **"meritless litigation"** may unintentionally discourage legitimate filings and could be perceived as prejudicial. The Plaintiffs respectfully ask the Court to consider the context of their filings, which stem

3

from complex legal issues involving multiple federal agencies and a prolonged lack of response from the Defendants.

The Plaintiffs remain committed to complying with all **lawful** procedural rules and Court directives. They respectfully request that future orders avoid language that may be interpreted as discouraging access to justice or the exercise of constitutionally protected rights. **The Plaintiffs appreciate the Court's attention to this matter and its continued consideration of their claims based on the legitimate merits NOT "procedurally improper or legally baseless motions."**

## VI. Prayer for Relief

WHEREFORE, the Plaintiffs respectfully request that this Court:

1. **VACATE** the September 2, 2025 Order issued by Magistrate Judge Richard B. Farrer;
2. **RESTORE** the Plaintiffs' dispositive motions, including motions for default judgment, for proper *de novo* review by the District Judge;
3. **ORDER** Magistrate Judge Farrer to issue Reports and Recommendations only, not binding orders, absent Plaintiffs' consent under 28 U.S.C. § 636(c)."
4. **ORDER** that no findings or accusations of 'harassment' may be entered against the Plaintiffs absent specific evidence, notice, and opportunity to be heard, consistent with due process under the Fifth Amendment, Federal Rules of Civil Procedure Rule 11, and controlling Supreme Court precedent. See *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)."
5. **Reaffirm** the Plaintiffs' right to proceed without undue procedural obstruction;
6. **Grant** such further relief as the Court deems just and proper.

Respectfully submitted,

_____9/8/25

Don A. Hampton, M.S., B.S., L.M.T.

_____9/8/25

Cheryl A. Hampton, M.B.A., B.S., A.A.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on 9/8/25, I served a copy of the **PLAINTIFFS MOTION TO VACATE MAGISTRATE JUDGE FARRER'S SEPTEMBER 2, 2025 ORDER** by U.S. First Class Mail:

1) Christopher R. Mugica and Katherine Lee Carmona
   100 Congress Ave
   Ste 1100
   Austin, TX 78701

   Counsel for Groupon, Inc.

2) Michael W. May
   Trial Attorney, Tax Division
   U.S. Department of Justice
   1700 Pacific Ave
   Ste 3700
   Dallas, TX 75201

Respectfully submitted,

_____ 9/8/25

Don A. Hampton, M.A., B.S., L.M.T.

_____ 9/8/25

Cheryl A. Hampton, M.B.A., B.S., A.A.

1

*Exhibit #1*

**RECEIVED**

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

APR 14 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

*DON A. HAMPTON
AND CHERYL A. HAMPTON,*

§
§
§

Plaintiff(s),

§
§

v.

§

Civil Action No: SA-25-CV-00341-XR
*JKP*

*COMMISSIONER OF THE INTERNAL REVENUE SERVICE
U.S. DEPARTMENT OF JUSTICE,
GROUPON, INC,*

§
§
§
§
§
§

Defendant(s).

## PLAINTIFF'S ADVISORY TO THE CLERK OF COURT

Plaintiff in the above-captioned case elects as follows (please select only one of the following options):

☐    I consent to proceed before a United States Magistrate Judge in accordance with provisions of Title 28 U.S.C. Section 636. Plaintiff in the above-captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with Title 28 U.S.C. Section 636(c)(3).

☒    I do **not** consent to proceed before a United States Magistrate Judge. Plaintiff in the above-captioned case elects **not** to have this case decided by a United States Magistrate Judge and prefers that this case proceed before the United States District Judge.

_____, *Cheryl A. Hampton*
Plaintiff's Name

By: _____
Signed by Attorney

Date 4/14/25

*Exhibit #2 (pg 1 of 5)*
*10*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DON A. HAMPTON, CHERYL A. HAMPTON, | § § § | |
| *Plaintiffs,* | § § | 5:25-CV-00341-JKP-RBF |
| vs. | § § | |
| WILLIAM LONG, COMMISSIONER OF INTERNAL REVENUE SERVICE; PAM BONDI, ATTORNEY GENERAL FOR U.S. DEPARTMENT OF JUSTICE; KRISTEN CLARKE, ASSISTANT ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE, SOUTHERN DISTRICT OF TEXAS; AND GROUPON, INC., ATTN: DANE DROBNY, GENERAL COUNSEL; | § § § § § § § § § | |
| *Defendants.* | | |

## ORDER

Before the Court is the status above-referenced case and several pending motions in it. *See* Dkt. Nos. 45, 46, 47, 48, 49, 50, & 51. This case was referred for resolution of all nondispositive pretrial matters. *See* Dkt. No. 6. The Court has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

For the reasons discussed below, Plaintiffs are **ORDERED** to refile their complaint within 7 days from the date of this order, by filing an amended complaint, and to do so in a manner compliant with the Federal Rules of Civil Procedure. As discussed below, Dkt. Nos. 45, 46, 47, & 48 are **DENIED WITHOUT PREJUDICE**. Defendants' Motion, Dkt. No. 49, is **GRANTED**. Finally, as also discussed below, the Motions at Dkt. Nos. 50 & 51 are **MOOT**.

*Exhibit #2 (pg 2 of 5)*

**1. An Amended Complaint Must Be Filed.** Plaintiffs filed on July 23, 2025, in the Court of Appeals for the Fifth Circuit a petition for writ of mandamus. *See* Fifth Circuit, Case. No. 25-50499 (filed July 23, 2025). A district court's jurisdiction is not interrupted when a party files a petition for writ of mandamus. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995); *see also In re Ellis*, 360 F.3d 1022, 1023 (9th Cir. 2004) ("Indeed, in the context of an extraordinary writ such as mandamus, there is no need for us to relinquish our jurisdiction to the district court because it was never deprived of jurisdiction over the underlying case.").

On June 6, 2025, the Court entered an order requiring plaintiffs to submit an amended complaint within fourteen (14) days from the date of the Court's order. Dkt. No. 25. To date, Plaintiffs have not done so. Although Plaintiffs state that their original complaint consists of a 30-page complaint with 670 pages of accompanying exhibits, the complaint in fact appears on the docket as a single 700-page document.

Accordingly, Plaintiffs are **ORDERED** to refile their original 30-page complaint with any accompanying exhibits properly designated as exhibits and filed as such. Plaintiffs must do so within seven (7) days of the date of this order. *If Plaintiffs fail to do so, their case will be subject to dismissal.*

**2. Various Motions Are Denied Without Prejudice.** In light of other motions and documents that have been filed by Plaintiffs, the Court clarifies for Plaintiffs that the jurisdiction of the magistrate judge, as pertinent here, is governed by the District Judge's order of referral, *see* Dkt. No. 6, Rule CV-72 of the Court's Local Rules, and 28 U.S.C. § 636(b). These authorities empower the magistrate judge to issue a report and recommendation for any type of motion excepted from the motions listed in § 636(b)(1)(A) and to rule on any motion contemplated in § 636(b)(1)(A). A show cause order, such as the Court's June 6 order, Dkt. No.

2

*Exhibit #2 (pg. 3 of 5)*

25, and the present order are both therefore within the magistrate judge's authority to issue, per § 636(b)(1)(A).

Plaintiffs' Motion to Compel, Dkt. No. 45, is **DENIED** for failing to state any claim for relief that the Court could provide, and as premature.

Plaintiffs' Motion to Strike the Defendant Groupon, Inc.'s, Counsel's Notice of Appearance, Dkt. No. 46, is **DENIED**. Although Groupon was served on July 1, 2025, and did not appear until July 31, Plaintiffs failed to serve an amended complaint on Groupon, as ordered on June 6, 2025.

Plaintiffs' Opposed Motion to Substitute Attorney, Dkt. No. 47, is **DENIED**. Plaintiffs filed this motion prior to the filing of Defendant's Motion to Substitute Attorney, Dkt. No. 49. This Motion is improper. Plaintiffs should file their opposition to a motion in the form of a response.

Plaintiffs' Motion for Default Judgement against the U.S. Department of Justice and the Commissioner of the Internal Revenue Service, Dkt. No. 48, is **DENIED**. Plaintiffs argue in error that these parties have submitted answers late, and that Defendants' Motion for Extension of Time, Dkt. No. 18, was never ruled on by the Court. But the Court ordered Plaintiffs to file an amended complaint, which once filed would then require the filing of a new answer that would be due under the rules and based on the date of the amended complaint's filing. Defendants' motion for an extension of time to file an answer, Dkt. No. 18, was therefore mooted by text order on June 6, 2025, in light of the Court's order that Plaintiffs file an amended complaint and serve such complaint on the Defendants. *See* June 6, 2025, Text Order ("MOOTING [18] Motion for Extension of Time to Answer in light of the Court's June 6, 2025, Order for an Amended Complaint."). As Plaintiff's never served Defendants in accordance with the June 6, 2025, Order,

3

*Exhibit #2 (pg 4 of 5)*

the Motion for Default Judgement against U.S. Department of Justice and the Commissioner of the Internal Revenue Service, Dkt. No. 48, is improper and is denied.

**3. One Motion Is Granted.** Defendants' Motion to Substitute Attorney, Dkt. No. 49, is **GRANTED**. It is ordered that attorney Mary Elizabeth Smith be removed as counsel for Defendants United States of America and Internal Revenue Service and attorney Michael W. May be substituted as counsel of record.

**4. Two Additional Motions Are Moot.** Plaintiffs' Motion for Clerk's Entry of Default against Groupon, Inc., Dkt. No. 50, is **MOOT**, and it is also improper because Plaintiffs have not served Groupon an amended complaint, as required by the Court's order, *see* Dkt. No. 25. The motion is moot in light of the Court's Order directing the refiling of the complaint.

Plaintiffs' Motion for Clerk's Entry of Default against the U.S. Department of Justice and the Commissioner of the Internal Revenue Service, Dkt. No. 51, is for the same reasons **MOOT**.

*     *     *

*Plaintiffs are advised that any further filing of procedurally improper or legally baseless motions may result in the imposition of significant sanctions.* While it is true that a *pro se* litigant's pleadings will be construed liberally in light of "existing law, or any reasonably based suggestion for its extension, modification, or reversal," appearing *pro se* does not afford a party "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986). *Pro se* litigants must follow the Rules of Procedure. *In re Carney,* 258 F.3d 415, 418 (5th Cir.2001). *See* Fed. R. Civ. P. 11; 16(f).

Any further failure to comply with applicable rules of procedure, whether they be the Local Rules of the Western District of Texas or the Federal Rules of Civil Procedure, will result

4

*Exhibit #2 (pg 5 of 5)*

in the Court striking the noncompliant filing, and it may also result in the imposition of further

sanctions against the filer. *See id.* Continued baseless or unsupported (procedurally or

substantively) filings threaten to interfere with the Court's effective management of its docket. In

particular, the Court will strike from the docket any further motion that lacks the required

certification indicating that a conference with the opposing party was conducted prior to the

motion's filing. Local Rule CV-7(g) ("The court may refuse to hear or may deny a

nondispositive motion unless the movant advises the court . . . that counsel for the parties have

conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific

reason that no agreement could be made."). Other procedural shortcomings will also be

addressed by striking the offending motion or other filing.

**IT IS SO ORDERED.**

SIGNED this 2nd day of September, 2025.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

*Exhibit #3 (pg 1 of 3)*

# UNITED STATES DISTRICT COURT

RECEIVED

JUL 11 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## WESTERN DISTRICT OF TEXAS – SAN ANTONIO DIVISION

### Don A. Hampton and Cheryl A. Hampton
*Plaintiffs*

v.

### U.S. DEPARTMENT OF JUSTICE, COMMISSIONER OF THE INTERNAL REVENUE SERVICE, GROUPON, INC.
*Defendants*

Case #: 5:25-CV-00341-JKP

# NOTICE OF NON-CONSENT TO MAGISTRATE JUDGE'S JURISDICTION AND MOTION TO VACATE AN UNLAWFUL ORDER

TO THE HONORABLE DISTRICT COURT:

COME NOW, Plaintiffs Don A. Hampton and Cheryl A. Hampton, appearing pro se, and respectfully file this Notice of Non-Consent to the Magistrate Judge's Jurisdiction and Motion to Vacate the Magistrate Judge's Order on June 27, 2025 Order in support thereof state as follows:

## I. LACK OF CONSENT UNDER 28 U.S.C. § 636(c)

Plaintiffs **have not consented** to the jurisdiction of the Magistrate Judge under **28 U.S.C. § 636(c)**. Accordingly, Magistrate Judge – Richard B. Farrer lacks authority to issue **dispositive orders**, including orders threatening **dismissal** of this case under **Fed. R. Civ. P. 41(b)**.

Under **§ 636(b)(1)(B)** and **FRCP 72(b)**, a magistrate judge may only issue **recommendations** on dispositive matters, which must be reviewed **de novo** by a district judge if objected to. The June 27, 2025 Order threatens dismissal and is therefore **dispositive** in nature.

"Only a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(4)."
— *Branch v. Umphenour*, 936 F.3d 994 (9th Cir. 2019)

1

*Exhibit #3 (pg 2 of 3)*

"A magistrate judge may not enter a final judgment or dismissal unless all parties have consented under § 636(c)."
— *Hajek v. Burlington N. R.R. Co.*, 186 F.3d 1105 (8th Cir. 1999)

"Without explicit consent or a valid referral, the magistrate has no authority to issue binding rulings on complaints or injunctions."
— *Wang v. Masaitis*, 416 F.3d 992 (9th Cir. 2005)

"Where Article III authority is delegated improperly, rulings must be vacated."
— *Gomez v. United States*, 490 U.S. 858 (1989)

"A magistrate judge's dispositive order without consent is void ab initio."
— *United States v. Raddatz*, 447 U.S. 667 (1980)


## II. PLAINTIFFS' COMPLAINT COMPLIES WITH FRCP 8(a)(2)

The June 27, 2025 Order by the Magistrate Judge – Richard B. Farrer incorrectly asserts that the Plaintiffs failed to comply with **FRCP**. The Plaintiffs' original Complaint with a Request for Injunction:

- It is **30 pages long,** clearly structured, and includes multiple subsections tied to critical, very pertinent, specific legal claims.
- Is supported by approximately **670 pages of pertinent supporting documents and many evidentiary exhibits that reference all our claims**, which are permitted and is allowed under the **Pro Se 2 Complaint Template** from the U.S. Court website (txwd.uscourts.gov).
- Provides a **short and plain statement** of the claims showing entitlement to relief, as required by Rule 8.

"Rule 8 does not impose a page limit.

**A complaint may be lengthy if it clearly states the claims and supporting facts."**
— *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)

**"A pro se complaint must be held to less stringent standards than formal pleadings drafted by lawyers."**
— *Erickson v. Pardus*, 551 U.S. 89 (2007)

"The complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests."
— *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

"Dismissal under Rule 8 is improper where the complaint is intelligible and provides adequate notice."
— *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004)

*Exhibit #3 (pg 3 of 3)*

"The liberal pleading standard of Rule 8 is particularly important in pro se cases."
— *Haines v. Kerner*, 404 U.S. 519 (1972)

<u>FRCP Rule 10(c)</u>: "A copy of any written instrument that is an exhibit to a pleading is part of the pleading for all purposes." For all purposes: This includes things like other supporting documents. The documents and exhibits are treated as an integral part of the pleading. This means that if the pleading refers to a document or exhibit, it can be considered by the court when reviewing the case, even though it's not part of the main text of the pleading.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:
1. **Vacate the June 27, 2025 Order** issued by Magistrate Judge – Richard B. Farrer;
2. **Acknowledge Plaintiffs' non-consent** (filed on 4/14/25) to proceed before a magistrate jurisdiction under 28 U.S.C. § 636(c);
3. **Refer all dispositive matters** to the assigned District Judge;
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____ 7/11/25
Don A. Hampton, M.A., B.S., L.M.T.


_____ 7/11/25
Cheryl A. Hampton, M.B.A., B.S., A.A.

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

RECEIVED

JUL 1 1 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

Plaintiff

Don A. Hampton
Cheryl A. Hampton

v.

U.S. Department of Justice,
Commissioner of the Internal Revenue Service,
Groupon, Inc.

Defendant

Case No. 5:25-CV-00341-JKP

Notice of Non-Consent to Magistrate Judges Jurisdiction And motion to Vacate an unlawful order

Don A. Hampton          7/11/25
Cheryl A. Hampton       7/11/25

# CERTIFICATE OF SERVICE

I hereby certify that on this 11 day of July, 2025, a copy of the foregoing **NOTICE OF NON-CONSENT TO MAGISTRATE JUDGE'S JURISDICTION AND MOTION TO VACATE AN UNLAWFUL ORDER** was mailed by U.S. Mail and/or electronic service upon the following parties:

1) Mary Beth Smith
   Trial Attorney, Tax Division
   U.S. Department of Justice
   1700 Pacific Ave, Ste 3700
   Dallas, TX 75201

2) Groupon, Inc.
   Attn: Dane Drobny, General Counsel
   500 W. Chicago Ave, Ste 400
   Chicago, IL 60654

Respectfully submitted,

_____ 7/11/25
Don A. Hampton, M.A., B.S., L.M.T.

_____ 7/11/25
Cheryl A. Hampton, M.B.A., B.S., A.A.

1

PRIORITY MAIL EXPRESS®

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO

FLAT RATE ENVELOPE
■ ANY WEIGHT




SPS.COM/PICKUP

For free Package Pickup, scan the QR code.

PEEL FROM THIS CORNER

EP13F October 2023

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL EXPRESS®

**CUSTOMER USE ONLY**

PHONE ( 210 ) 823-8465

FROM: (PLEASE PRINT)
Don + Cheryl Hampton
314 Addax Dr.
San Antonio, Tx
78213

**DELIVERY OPTIONS (Customer Use Only)**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

☑ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

TO: (PLEASE PRINT)
Clerk's Office
U.S. Court of Appeals
for the Fifth Circuit
600 S. Maestri Pl.
New Orleans, LA
70130

PHONE ( )

**ORIGIN (POSTAL SERVICE USE ONLY)**
PO ZIP Code 78230
Scheduled Delivery Date (MM/DD/YY) 9/9
Postage $31.40

Date Accepted (MM/DD/YY) 78236
Scheduled Delivery Time ☐ 12 NOON ☑ 3:00 PM
Insurance Fee $

Time Accepted 9:18 ☐ AM ☑ PM
Return Receipt Fee $
Live Animal Transportation Fee $

**PAYMENT BY ACCOUNT** (if applicable)
Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY) Time ☐ AM ☐ PM
Employee Signature

Delivery Attempt (MM/DD/YY) Time ☐ AM ☐ PM
Employee Signature

Special Handling/Fragile $
Sunday/Holiday Premium Fee $

Weight ___ lbs. ___ ozs. ☑ Flat Rate
Acceptance Employee Initials BW

Total Postage & Fees $ 31.40
COD Fee $

3:52 pm ☐ AM ☑ PM

☑ 1-Day ☐ 2-Day ☐ Military ☐ DPO

LABEL 11-B, NOVEMBER 2023    PSN 7690-02-000-9996

* For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
* $100.00 insurance included.

ER 206 508 545 US

RDC 07

70130

SAN ANTONIO, TX 78230
SEP 08, 2025
$31.40
S2924E500701-47

UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.